DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary J. Garrett, | ) | |
| | ) | Civil Action No. 5:12-cv-02861-CMC-KDW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Broad River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Gary J. Garrett ("Petitioner" or "Garrett"), a state prisoner, filed this pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court

pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report

and Recommendation on Respondent's Return and Motion for Summary Judgment.  ECF Nos.

23, 24.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised

Petitioner of the summary judgment procedures and the possible consequences if he failed to

respond adequately to Respondent's motion. ECF No. 25.  Petitioner filed a response in

opposition to Respondent's motion on March 11, 2013. ECF No. 29.  Having carefully

considered the parties' submissions and the record in this case, the undersigned recommends that

Respondent's Motion for Summary Judgment, ECF No. 24, be granted.

I.       Factual Background

Petitioner is currently incarcerated in the Broad River Correctional Institution of the

South Carolina Department of Corrections ("SCDC").  In 2006, Petitioner was indicted in the

November term of the Spartanburg County Grand Jury for five counts of armed robbery (#06-

GS-42-4810), (#06-GS-42-4808), (#06-GS-42-4807), (#06-GS-42-4806), (#06-GS-42-4805).

App. 126-137.[1]  Petitioner was subsequently indicted by the Spartanburg County Grand Jury, in February 2008, for assault with intent to kill (#08-GS-42-1359), three counts of armed robbery (#08-GS-52-1358), (#08-GS-42-1357), (#08-GS-42-1356), and one count of attempted armed robbery (#08-GS-42-1356). App. 118-25. On February 4, 2009, Petitioner appeared before Judge Thomas Anthony Russo and pled guilty to all the indictments.  *Id.* at 21-58.  Petitioner was represented by Attorney Andrea Price; the state was represented by Deputy Solicitor Barry Barnette.  App. 1.  Petitioner was sentenced to ten years for assault with intent to kill, twenty years for attempted armed robbery, and thirty years each for the eight armed robbery indictments.  *Id.* at 59-62.  Each of the sentences was to run concurrent.  *Id.*

II.    Procedural History

Trial counsel timely filed and served the notice of appeal, ECF No. 23-4, and on March 24, 2009, the South Carolina Court of Appeals dismissed Petitioner's appeal,  ECF No. 23-5. The remittitur was issued on April 10, 2009.   ECF No. 23-6.   Petitioner did not seek discretionary review to the South Carolina Supreme Court.

On November 2, 2009, Petitioner filed an application seeking post-conviction relief ("PCR"). Supp. App. 1-12.  In his application, Petitioner argues "that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's errors, [Petitioner] would not have pleaded guilty, but would have went to trial."  *Id.* at 6.   The State filed its return on June 14, 2010, requesting an evidentiary hearing on Plaintiff's ineffective assistance of counsel and involuntary guilty plea claims.  App. 67-68.  On September 13, 2010, an evidentiary hearing was conducted before the

---

[1] Citations to "App." and "Supp. App." refer to the Appendix for Petitioner's direct appeal of his judgment of conviction. That appendix is available at ECF Nos. 23-1, 23-2 and 23-3 in this habeas matter.

2

Honorable Roger L. Couch in Spartanburg, South Carolina.  App. 69.  Petitioner was represented

by Travis S. Greene, Esq., while the State was represented by Assistant Attorney General

Suzanne H. White.  *Id.*  Petitioner and his former trial counsel, Andrea Price, testified at the

hearing.  App. 71-106.  On November 24, 2010, the PCR court issued an order denying

Petitioner relief and making the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (2003).

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence. Frasier v. State, 351 S.C, 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP).  Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The Applicant must overcome this presumption to receive relief.  Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel.  First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625, citing Strickland. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.

Involuntary Guilty Plea

To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Dover v. State, 304 S.C. 433, 405 S.E.2d 391 (1991). In determining guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing. Harris v. Leeke, 282 S.C. 131, 318 S.E.2d 360 (1984).

Further, because a guilty plea is a solemn, judicial admission of the truth of the charges against an individual, a criminal inmate's right to contest the validity of such a plea is usually, but not invariably, foreclosed. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Therefore, statements made during a guilty plea should be considered conclusive unless a criminal inmate presents valid reasons why he should be allowed to depart from the truth of his statements.   Crawford v. U.S., 519 F.2d 317 (4th Cir. 1975); Edmonds v. Lewis, 546 F.2d 566 (4th Cir. 1976).

Finally, a defendant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty, but would have insisted on going to trial. Roscoe v. State, 345 S.C.16, 546 S.E.2d 417 (2001); Richardson v. State, 310 S.C. 360, 426 S.E.2d 795 (1993).

Applicant argued that his case mirrors that of Ray v. State and his application should be granted on those grounds as well. Ray v. State, 303 S.C. 374, 401 S.E.2d 151 (1991). This Court finds that Applicant's case is distinguished from Ray, in that the Applicant stated in testimony that he intended to plead to three of the armed robberies that he admitted to in his prior statements regardless of advice he received from counsel. In Ray, the court does not indicate that the court ever advised the applicant, during his plea, of the maximum sentence that he faced. However, in this case, the Judge clearly went over maximum sentences that the applicant faced and did not tell the Applicant that he was facing life sentences on any of the cases individually or in combination.

This Court finds that Counsel's testimony on the issue of ineffective assistance of counsel related to an alleged involuntary guilty plea was more credible than Applicant's testimony. This Court further finds that Applicant has failed to carry his burden of proving that his guilty plea was not freely and voluntarily entered. Counsel's advice coupled with colloquy of court was sufficient to advise the Applicant of the possible sentence. Additionally, since Applicant indicated he would have pleaded guilty to three of the charges (90 year max), there is no reasonable probability that he would not have pleaded guilty to

4

the other charges as well. Regarding the first prong of the standard, Counsel's advice, when taken together with court's colloquy, could not and should not have misguided the Applicant of the sentence. As to the second prong of the standard, the Applicant has not shown that but for the advice he would not have pled guilty, because he admitted he would have pled guilty to three of the charges carrying a maximum of 90 years themselves. Lastly, the Court's advice concerning sentencing was given prior to the time that the Applicant gave his plea. Therefore, this Court finds that Applicant's guilty plea was freely and voluntarily entered.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

This Court advises Applicant that he must file and serve a notice of appeal within thirty (30) days from the receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review. See Rule 203, SCACR. Pursuant to Austin v. State, 305 S.C. 453 (1991), an Applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR. Rule 71.1 (g), SCRCP, provides that if the applicant wishes to seek appellate review, PCR counsel must serve and file a Notice of Appeal on the Applicant's behalf. Your attention is directed to South Carolina Appellate Court Rule 243 for appropriate procedures for appeal.

IT IS THEREFORE ORDERED:

1. That the Application for Post-Conviction Relief must be denied and dismissed with prejudice; and

2. The Applicant must be remanded to the custody of the Respondent.

App. 113-117.

Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend.    Petitioner, represented by Wanda H. Carter, Esquire, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a *Johnson*[2] petition for writ of certiorari, dated June 28, 2011.  The petition argued that "[t]rial counsel erred in failing to adequately advise petitioner of the sentencing consequences in his case."  ECF No. 23-10 at 3.  Petitioner filed a pro se response

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

to the *Johnson* petition and presented two issues: "A) Counsel provided Petitioner with erroneous advice (Ineffective Assistance of Counsel) and B) Counsel failed to properly investigate the case and possible defenses." ECF No. 23-13 at 1. On July 16, 2012, the South Carolina Supreme Court denied the petition for writ of certiorari. ECF No. 23-14. The remittitur was issued on August 1, 2012. ECF No. 23-15. Petitioner filed his habeas petition on October 3, 2012. ECF No. 1.

III.     Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."

Id. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

IV.    Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus, quoted verbatim:

GROUND ONE:  Ineffective assistance of counsel (A) and (B)

Supporting facts:  Counsel (Andrea Price) confessed at the P.C.R. hearing that she advised the petitioner (Mr. Garrett) that he was facing life without parole, and with erroneous sentencing advice this const. ineffective assistance of counsel and counsel also admitted to not having the P.D. office investigator to do any form of investigating the case, which led to her lack of preparing for the least defense for petitioner since he and she both testified that the case was suppose to go to a jury trial.

ECF No. 1 at 4.

B.  Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an

unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 399 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    2.  Procedural Bar

  Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

    a.  Exhaustion

  Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d

767 (S.C. 1976).  If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

### b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of

the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.        Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 505. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Coleman*, 501 U.S. at 752-53; *Murray v. Carrier*, 477 U.S. at 488-89.  Absent a showing of cause, the court is not required to consider actual prejudice.  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray v. Carrier*, 477 U.S. at 503-506. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.        Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

D.  Analysis

1.  Procedurally Barred Grounds

Respondent contends that Petitioner's second claim for relief in Ground One, that Petitioner's trial counsel was ineffective for failing to investigate his case and for failing to

12

prepare a defense for trial, is barred from federal habeas review because this ground was procedurally defaulted in state court.  ECF No. 23 at 14. Respondent contends that although Petitioner "arguably raised this claim" in his PCR application, the PCR court did not rule on this claim and therefore the claim was not preserved for review by the South Carolina Supreme Court. *Id.* Respondent contends that South Carolina state courts would find this claim procedurally barred because Petitioner did not properly present this claim to the South Carolina Supreme Court. *Id.* at 15.

The undersigned has reviewed the PCR court's Order of Dismissal and Plaintiff's claims concerning trial counsel's ineffectiveness for failing to investigate his case and to prepare a defense for trial and finds that this claim was not raised before and/or ruled on by the PCR court. Therefore, this issue is procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred).    Accordingly, Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising his second claim for relief in Ground One of his habeas petition.  The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of the second claim in Ground One.

2.  Petitioner Has Not Overcome the Procedural Bar

In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

The existence of cause ordinarily turns upon a showing of a factor external to the defense which impeded counsel or Petitioner's compliance with the state procedural rule. *Murray v. Carrier*, 477 U.S. at 488. Having reviewed the record evidence and the parties' legal memoranda the undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claim. Petitioner filed a direct appeal, and had a PCR hearing where he again testified before the PCR judge. Petitioner had numerous opportunities to raise the issue that he is now trying to bring before this court, however, he failed to raise it, raise it properly, or preserve the issue for habeas review. Petitioner therefore cannot establish cause and prejudice.

Petitioner has also failed to demonstrate that he is actually innocent of the crimes for which he was convicted, such "that failure to consider the claims will result in a fundamental miscarriage of justice." *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750)); *see also Weeks v. Angelone*, 176 F.3d 249, 269 (4th Cir. 1999). The claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). The record shows that Petitioner pleaded guilty to the ten indictments, admitted that the facts offered by the solicitor in support of the pending charges were essentially correct, and apologized "for the crimes [he] committed towards the victims." App. 31-32, 51. In light of the foregoing, Petitioner cannot show actual innocence and the undersigned therefore recommends that the Respondent's motion for summary judgment be granted as to the second claim in Ground One of Petitioner's habeas petition.

3.  Merits

Petitioner contends that his trial counsel was ineffective because she improperly advised him that he was facing life without parole, which was not a possible penalty for the charges he faced.  ECF No. 1.  Respondent argues that he is entitled to summary judgment on this claim because Petitioner "cannot show the PCR Court made an unreasonable determination of the facts in denying relief upon this claim."  ECF No. 23 at 19.  Respondent further contends that Petitioner is unable to show that "the PCR Court unreasonably applied federal law in denying relief upon this claim."  *Id.* at 21-23.  Having reviewed the record, and in light of the PCR court's credibility findings, the undersigned is of the opinion that Petitioner's allegations of ineffective assistance of counsel are invalid. It was not unreasonable for the PCR court to find that Petitioner failed to meet his burden of showing that his trial counsel was ineffective for failing to properly advise Petitioner of his potential sentence, as the PCR court found that trial counsel's advice, together with the court's colloquy, could not have misguided Petitioner about his sentence.  *See* App. 115.  The PCR court's decision was not contrary to, nor an unreasonable application of, clearly established federal law under §2254(d)(1).  This ground is without merit and the undersigned recommends that it be dismissed.

In his response, Petitioner does not address the merits of Respondent's summary judgment motion, but instead presents a new claim arguing that his trial counsel incorrectly conveyed to him the plea offer from the State.  ECF No. 29 at 1.  Petitioner argues that trial counsel informed him that the plea offer was for 25 years for three of his charges and that Petitioner would go to trial on the remaining seven charges.  *Id.*  Petitioner contends that he rejected this plea offer and opted to proceed to trial on all ten indictments.  *Id.*  Petitioner alleges that he subsequently learned that the plea offer from the State was for 25 years for all his pending

15

charges. *Id.* Petitioner argues that trial counsel was aware of the "true" plea offer and she "lied trying to see if [he] would take '25' for only '3' so she could (go back) to [the solicitor] and tell him [Petitioner] would plea to '25' for just '3' and she could then gain more position for her (job) by a separate trial for the other 7." *Id.* Petitioner argues that if he had known the State's plea offer was for 25 years for all charges, he would have accepted this plea and would have been sentenced to 25 years, as opposed to the 30 years he received. *Id.* at 1-2. The undersigned has reviewed the record before the court and finds that Petitioner failed to raise this issue on direct appeal or in his PCR application. Accordingly, this issue is procedurally barred and Petitioner may not raise this claim in his habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

   V.    Conclusion

   The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 24, be GRANTED and the habeas petition be DISMISSED with prejudice.

   IT IS SO RECOMMENDED.


March 26, 2013                                      Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**